UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT OF SEATROUT GMBH & CO. KG AND GERMAN TANKER SHIPPING GMBH AS OWNERS PRO HAC VICE OF THE M/T SEATROUT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY. | § § § § § § § | CIVIL ACTION NO. 08-3715 <br><br> CONSOLIDATED WITH 08-3784 AND 08-3788 <br><br> [SUBJECT TO RULE 9[H] OF THE FEDERAL RULES OF CIVIL PROCEDURE] |

## ORDER

This matter is before the court on Claimant Magellan Terminals Holdings L.P.'s (Magellan's) motion (Dkt. 71) to compel Cody Karl to submit to examinations by defendants' experts, neurologist Dr. David B. Rosenfield and psychologist Dr. Susana Rosin. First, Karl objects that Dr. Rosenfield is not a suitable physician to conduct an examination because he is biased in favor of defendants. Second, Karl objects that portions of the two examinations will overlap. Third, Karl objects that the evaluation Dr. Rosin requested in March 2009 was performed by Dr. Perez in June 2009 and there is not good cause for allowing Dr. Rosin to conduct another one.

Federal Rule of Civil Procedure 35 enables a court to order a medical examination of a party under limited circumstances. Three things are necessary to authorize a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or psychologist; and (3) good cause must be shown. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990). The requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which examination is sought is

really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

Cody Karl was struck in the head by a steel cable mooring line that fractured under tension. He allegedly suffered brain injury resulting in paralysis and cognitive impairments. There is no question that his mental and physical conditions are at issue in this case. There is also no dispute that Magellan's proposed expert examiners, Dr. Rosenfield and Dr. Rosin, are suitably licensed in their respective fields.

Karl objects to Dr. Rosenfield's lack of impartiality. Dr. Rosenfield's impartiality is immaterial to the Rule 35 analysis. Although Magellan's motion, and Dr. Rosenfield's affidavit,[1] use the phrase "independent medical exam," Rule 35 does not. Dr. Rosenfield's alleged bias does not make him unsuitable to conduct a Rule 35 medical exam.[2]

Aside from his objection to Dr. Rosenfield personally, Karl does not object to submitting to a neurological exam.[3] The issue is whether Magellan has shown good cause for the cognitive impairment aspect of the exams it seeks.

---

[1] Affidavit of David B. Rosenfield, M.D. (Dkt. 71-1), at 1 ("You have asked me to explain how I shall conduct the independent medical examination of Mr. Cody Karl").

[2] This case is not like *Case v. JFP Offshore, Inc.*, No. Civ. A. 95-3239, 1996 WL 210720 *1-2 (E.D. La.), in which the court found there was not good cause to order a second examination of plaintiff by defendant's orthopedic surgeon because plaintiff had already been examined by another orthopedic surgeon of defendant's choosing.

[3] Response (Dkt. 81), at 7; Surreply (Dkt. 83), at 2.

Based on the information from Dr. Rosenfield and Dr. Rosin submitted by Magellan, Karl's concern about overlapping cognitive function examinations appears unfounded. Dr. Rosenfield expressly states that he will not perform formal neuropsychological standardized testing. The cognitive assessment portion of his examination will consist solely of a "bedside examination." It is true that Dr. Rosenfield's affidavit is a bit vague as to what exactly that "bedside examination" will entail, but what is clear is that it will not cover neuropsychological standardized testing.[4]

However, Magellan has not shown good cause for the proposed neuropscholgical evaluation by Dr. Rosin. Attached to Magellan's motion is a March 24, 2009 letter in which Dr. Rosin conceded that she was fortunate to have available for review three neuropsychological evaluations performed at key points in Karl's recovery, including a "comprehensive and detailed" evaluation performed by Dr. Perez, but suggested that it would be "extremely helpful to re-evaluate Mr. Karl close to the one year anniversary of his traumatic brain injury, i.e., late May or early June 2009."[5] The precise information Dr. Rosin requested is now available because Dr. Perez re-evaluated Karl on June 3, 2009.

Dr. Rosin's letter expresses no concern about Dr. Perez's testing methodology or results. Her letter explains that the neuropsychological test battery she plans to administer would be "very similar to Dr. Perez's." "One of the differences, however, is that new

---

[4]  Affidavit of David B. Rosenfield, M.D. (Dkt. 71-1), at 2.

[5]  March 24, 2009 letter to counsel from Susana A. Rosin, Ph.D. (Dkt. 71-2).

versions of both the WAIS-III and Wechsler Memory Scales have now been published, and I must administer the new tests in compliance with APA guidelines." However, nothing in Dr. Rosin's letter suggests that she could not rely on testing administered by Dr. Perez, as long as it incorporated the new standards she references. Magellan has not shown, despite having the opportunity to do so in reply briefing, that Dr. Perez's June 2009 re-evaluation of Karl applied incorrect standards. Accordingly, there is not good cause for further neuropsychological evaluation Dr. Rosin.

It is therefore, ORDERED that Magellan's motion (Dkt. 71) is granted in part and denied in part. Karl shall submit to a neurological examination by Dr. Rosenfield at a mutually agreeable time and place. The exam may include motor, sensory, and cognitive components, but shall not include formal neuropsychological standardized testing. Magellan's motion to compel neuropsychological testing by Dr. Rosin is denied.

Signed at Houston, Texas on January 14, 2010.

Stephen Wm Smith
United States Magistrate Judge